UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X
ALLSTATE INSURANCE COMPANY AS     **VERIFIED COMPLAINT**
SUBROGEE OF PAUL C. VINELLI,

                                                          Civil Action No.

    Plaintiff(s),

vs.

THE UNITED STATES OF AMERICA,

    Defendant(s).
———————————————————X

       Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of its insured, PAUL VINELLI, as and for its complaint against the Defendants, alleges upon information and belief:

       1.    That I am fully familiar with the facts and circumstances of this case based upon a file maintained by affirmant's office.

## JURISDICTION AND VENUE

       2.    This affirmation is made in support of the instant civil action, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* and 2674. Jurisdiction is proper pursuant to 28 U.S.C. § 1346 *et seq.*

       3.    Venue is proper in that all or a substantial part of the acts and omissions forming the basis of the claim occurred in 5th Avenue and West 47th Street, New York County, New York, and arose from the negligent operation of a motor vehicle by the Defendant's authorized driver, ZIN THAW, who is/was employed by the UNITED STATES POSTAL SERVICE, resulting in property loss to Plaintiff and/or Plaintiff's Subrogor, at or near the location of Fifth Avenue and West 47th Street, New York County, New York. *See*, 28 U.S.C. § 1402(b).

## THE PARTIES

4. At all times hereinafter mentioned, Plaintiff, ALLSTATE INSURANCE COMPANY, was and is a Corporation authorized to conduct business in the State of New York.

5. At all relevant times herein referenced, PAUL VINELLI, (hereinafter "Insured" or "Subrogor," or "Plaintiff's Subrogor"), was and is an individual, residing in the County of Bronx, State of New York.

6. At all relevant times herein referenced, PAUL VINELLI, (hereinafter "insured driver"), was and is an individual, residing in the County of Bronx, State of New York, and was authorized to operate the Insured's vehicle, 2015 Hyundai Sonata, bearing New York State license plate number GYH2833.

7. Prior to July 12, 2017, the Plaintiff, ALLSTATE INSURANCE COMPANY, issued an automobile insurance policy to PAUL VINELLI, insuring Subrogor's vehicle, a 2015 Hyundai Sonata, bearing New York license plate number GYH2833.

8. Said Insured complied with all terms and conditions of said policy and by agreement with Plaintiff, filed proof of loss specifying the loss caused by said incident to be in the sums as set out below, and said sums were paid by Plaintiff to or for the benefit of the Insured at the request of the Insured.

9. At all times hereinafter mentioned, United States Postal Service ("hereinafter "USPS") is a federal agency organized under the laws of the United States of America

10. Defendant, UNITED STATES OF AMERICA, exists under and by virtue of its own laws, has waived sovereign immunity, and is subject to liability for the torts alleged herein pursuant to §§ 28 U.S.C. 2671 *et seq.* and 2674 *et seq.*

11. At all times hereinafter mentioned, ZIN THAW, was an employee or agent of UNITED STATES POSTAL SERVICE, and was authorized by UNITED STATES POSTAL SERVICE, to operate a motor vehicle at the location of said incident.

12. At all times hereinafter mentioned, ZIN THAW was authorized by UNITED STATES POSTAL SERVICE to operate a 2003 Freightliner motor vehicle or tractor-trailer bearing license plate number 3510467, which was owned and maintained by UNITED STATES POSTAL SERVICE.

## CONDITIONS PRECEDENT TO FILING

13. The claim herein is brought against the United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and §§1346(b)(1), for money damages as compensation for loss of property that were caused by the negligent, wrongful acts and/or omissions of employees of the United States of America while acting within the scope of their offices and employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York.

14. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

15. This suit has been timely filed, in that Plaintiff timely served notice of its claim on the UNITED STATES POSTAL SERVICE, on or about August 3, 2017 and a subsequent filing on October 24, 2017, (hereinafter "Exhibit A"). On or about March 5, 2018, and June 1, 2018, the UNITED STATES POSTAL SERVICE denied Plaintiff's claim. (Annexed hereto as "Exhibit B" are copies of the denials). Plaintiff is now bringing the within action.

## COUNT I
## NEGLIGENCE

16.     Plaintiff alleges and incorporates by reference paragraphs 1 through 15 of this Complaint as if set forth in full herein.

17.     The damage to the Insured's vehicle was caused by the negligent, careless and wrongful acts and/or omissions to act of the United States of America, through its agents, servants, and employees, acting within the scope of their agency/employment.

18.     On or about July 12, 2017, the insured driver, PAUL VINELLI, was operating a 2015 Hyundai Sonata, bearing New York license plate number GYH2833, which was insured by the Plaintiff.

19.     On or about July 12, 2017, the Defendant, ZIN THAW, was operating a 2003 Freightliner motor vehicle or tractor-trailer bearing license plate number 3510467, which was owned and maintained by the USPS.

20.     On July 12, 2018, the insured driver was proceeding southbound on Fifth Avenue, New York, New York.

21.     On or about July 12, 2017, the Defendant's authorized driver, ZIN THAW, failed to observe the insured driver's vehicle, failed to maintain his lane, failed to maintain a safe distance between his vehicle and the insured driver's vehicle of which resulted in the Defendant side-swiping the Subrgor's vehicle while proceeding southbound on Fifth Avenue near West 47th Street, New York, New York. (See Police Report, annexed hereto as "Exhibit C").

22.     The aforementioned accident, on July 12, 2017, was caused by the carelessness, recklessness and negligence of the Defendant and its authorized driver to wit, the Defendant and/or Defendant's driver was/were the legal and proximate cause of the accident.

23. Among other things, the United States of America negligently and or carelessly failed to exercise reasonable care, including but not limited to, one or more of the following ways:

    a. In causing its vehicle to collide with the insured's vehicle;

    b. In failing to exercise due care towards motorists' vehicles at the location of said incident, including the Insured's vehicle;

    c. In failing to observe the insured's vehicle and take necessary, legally required action to avoid a collision, as described above;

    d. In failing to properly supervise the agents/employees of the United States of America, USPS, involved in the vehicle driving activities

24. As a direct and proximate result of the negligence, in one or more ways as described above, of the Defendant and Defendant's authorized vehicle operator, ZIN THAW, and the damages caused by the Defendant, for the collision of the Insured's vehicle, and after receiving proof of loss, Plaintiff under its policy, paid to or on behalf of its Insured, PAUL VINELLI, and the driver and/or passengers in the vehicle, the sum of $8,776.13 less its subrogor's deductible of $1,000.00, and became subrogated to the amount of $7,776.13.

**PLAINTIFF'S RIGHT OF SUBROGATION AND DAMAGES**

25. It is axiomatic that Plaintiff holds a right of subrogation against the Defendant. *See*, Allstate Ins. Co. v. Mazzola, 175 F.3d 255, 260 (2d Cir. 1999) ("An insurer's right of subrogation attaches, by operation of law, upon its payment of an insured's loss").

26. On or about August 3, 2017, Plaintiff made a claim for damages, for and in the amount of damages as described above, against the United States of America, USPS, and less than six months have elapsed before the agency's final denial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment as against Defendant, and each of them, as follows:

1. For the sum of $8,776.13 inclusive of the subrogor's deductible;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED: Hauppauge, New York
August 02, 2018

LAW OFFICES OF KAREN L. LAWRENCE

By: _____
Steve Sophocleous, Esquire
4 Metrotech Center
Brooklyn, NY 11201
Telephone: 718-451-7106
File No. 0468061023.1-